IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:13CV22-MOC-DSC

| | |
|---|---|
| **CITIMORTGAGE, INC., et. al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **ERIC GRAMPUS,** ) <br> ) <br> **Defendant,** ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION <br> AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff Citimortgage, Inc.'s "Motion to Remand" (document #4), as well as the parties' associated briefs and exhibits. See documents ##5 and 6. On March 13, 2013, Plaintiff filed a "Notice of Intent Not to file Reply ..." (document #7).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

This matter involves the foreclosure of a deed of trust on real property located in Mecklenburg County, North Carolina. (hereinafter "real property"). On January 2, 2013, Plaintiffs commenced a foreclosure action in Mecklenburg County Superior Court.

On January 14, 2013, prior to any hearing in the foreclosure action, Defendant filed a "Notice of Removal of Action" (document #1) in the United States District Court for the Western District of North Carolina.

On February 13, 2013, Plaintiff Citimortgage filed its Motion to Remand.

The Motion to Remand has been timely filed. See 28 U.S.C. § 1447(c) (party seeking remand must respond to notice of removal within thirty days of filing of notice of removal and

the Court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue. Absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). There is not complete diversity of citizenship between the parties here. Therefore, the basis for federal subject matter jurisdiction must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or

treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

<u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. <u>Simpson v. Wilson</u>, 3:11-CV-576, 2012 U.S. Dist. LEXIS 40489 *4-5 (W.D.N.C. Feb. 7, 2012) (recommending remanding foreclosure proceeding); <u>City of Durham v. Wadsworth</u>, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); <u>McNeely v. Moab Tiara Cherokee Kituwah Nation Chief</u>, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

Accordingly, the Motion to Remand should be <u>granted</u>.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Remand" (document #4) be **GRANTED** and that this matter be **REMANDED** to Mecklenburg County Superior Court.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written

3

Case 3:13-cv-00022-MOC-DSC   Document 8   Filed 03/25/13   Page 3 of 4

objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant, to counsel for the remaining parties; and to the Honorable Max O. Cogburn, Jr.

    **SO ORDERED AND RECOMMENDED.**

Signed: March 25, 2013

David S. Cayer
United States Magistrate Judge